Frank I. Brown, Esq. Village Attorney, Wesley Hills
You have asked whether the offices of acting village justice and member of the village planning board are compatible.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Village justices preside over matters within the jurisdiction of the village court (Uniform Justice Court Act, §§ 103, 106).
The village planning board has responsibility for the development of the master plan which forms the basis for development in the village (Village Law, § 7-722); has authority to conduct investigations and to produce maps, reports and recommendations relating to planning and development in the village that it deems desirable (id., § 7-726); and may be given the responsibility to approve site plans (id., § 7-725) and subdivision plans (id., § 7-728).
A village court has no jurisdiction to review decisions of the planning board. Planning board decisions are reviewable under article 78 of the Civil Practice Law and Rules in Supreme Court. Thus, the duties of these two positions are independent of one another and there is no potential for incompatibility.
We conclude that the positions of acting village justice and member of a village planning board are compatible.